**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Alvetta L. Massenberg, Appellant,

v.

Clarendon County Treasurer, Clarendon County Delinquent Tax Collector, Blacktop Ventures, LLC, Respondents.

Appellate Case No. 2020-001531

———

Appeal From Clarendon County
Joseph K. Coffey, Master-in-Equity

———

Unpublished Opinion No. 2022-UP-410
Submitted November 1, 2022 – Filed November 16, 2022

———

**AFFIRMED**

———

John M. Bleecker, Jr., of Law Office of John M. Bleecker, Jr., of Charleston, and Albert Peter Shahid, Jr., of Shahid Law Office, LLC, of Charleston, both for Appellant.

Scott Franklin Talley, of Talley Law Firm, P.A., of Spartanburg, for Respondent Blacktop Ventures, LLC.

William H. Johnson, of Johnson, DuRant & Nester, LLC, of Manning, for Respondents Clarendon County

Treasurer and Clarendon County Delinquent Tax Collector.

---

**PER CURIAM:**  Alvetta Massenberg appeals the master-in-equity's denial of her action to set aside a delinquent tax sale of real property.  On appeal, she argues Clarendon County did not follow the statutory requirements because it did not post the notice of levy in a conspicuous place on the property.

A preponderance of the evidence supports the master's finding the notice was posted in a conspicuous place because it was posted on a relatively well-traveled road.  Accordingly, we affirm pursuant to Rule 220(b)(2), SCACR, and the following authorities: *Smith v. Barr*, 375 S.C. 157, 160, 650 S.E.2d 486, 488 (Ct. App. 2007) ("Our scope of review for a case heard by a Master permits us to determine facts in accordance with our own view of the preponderance of the evidence."); *id.* ("However, we are mindful that this scope of review does not require us to disregard the Master's factual findings because the Master saw and heard witnesses and was in a better position to judge their credibility and demeanor."); *In re Ryan Inv. Co.*, 335 S.C. 392, 395, 517 S.E.2d 692, 693 (1999) ("Tax sales must be conducted in strict compliance with statutory requirements."); S.C. Code Ann. § 12-51-40(c) (Supp. 2022) (directing a county's delinquent tax collector to "take exclusive physical possession of the property against which the taxes . . . were assessed by posting a notice [of levy] at one or more conspicuous places on the premises" if the final notice of delinquent taxes is returned).

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.